HOOD, Judge
(dissenting).
In my opinion the judgment rendered by the trial court is correct and should be affirmed. For that reason I am unable to concur in the judgment rendered by my colleagues in this case.
In the first place, I believe that Paragraph 5(e) of the regulations adopted by the City of New Iberia means, and was intended to mean, that each driveway must be at least ten feet wide. It does not mean that there must be a distance of at least ten feet between driveways. No conceivable purpose would be served by having such a requirement. Plaintiff is seeking a permit to build two driveways, each 35 feet wide. The driveways he plans to build thus strictly comply with the rules and regulations set out by the city.
Ordinance No. 139 of the City of New Iberia provides that entrances and exits from private property adjacent to city streets and sidewalks shall comply with the rules, regulations and standards prescribed by the Louisiana Department of Highways, pursuant to LSA-R.S. 48:344 for state highways.
LSA-R.S. 48:344 authorizes the Highway Department to prepare and promulgate descriptions of various types of entrances and exits, and to issue permits of necessity and convenience for the installation of driveways. Pursuant to that authorization, the Department of Highways prepared and promulgated a pamphlet containing descriptions of various types of entrances and exits between private property and public highways.
The City Council of New Iberia approved and promulgated a pamphlet identical to that issued by the Highway Department, except that changes were made to show that the requirements applied to private property abutting city streets rather than highways.
The City of New Iberia also adopted a form of application for a “Driveway Permit,” which was modeled after a form used by the Highway Department. Paragraph 5 of that form, containing 17 sub-paragraphs, sets out the rules and regulations required by the city for constructing driveways leading from private property to city streets.
Paragraph 5(b) provides that not more than two driveways can be constructed on a private lot which is more than 50 feet and less than 200 feet wide. Paragraph 5(c) provides that the maximum width of driveways shall be 35 feet, when the angle of intersection is between 61 and 90 degrees. Paragraph 5(d) regulates the per *360 missible radii on driveway returns. And, Paragraph 5(e) provides:
“(e) The distance between the inner edges of entrance and exit shall be not less than ten (10) feet where they intersect either the right of way line or the road surface.”
The use of the words “inner edges” in sub-paragraph (e) indicates that that provision was intended to prescribe the minimum width of driveways. Also, the fact that sub-paragraph (e) closely follows the provision which regulates the maximum width of driveways strongly suggests that sub-paragraph (e) was intended to regulate the minimum width of driveways. If sub-paragraph (e) is interpreted in any way other than as providing a minimum width of driveways, then there is no provision in the regulations at all which prescribes the minimum width of driveways. Insofar as the regulations are concerned, driveways could be as little as three, four or five feet wide. I feel certain that the Highway Department and the City of New Iberia intended to regulate the minimum as well as the maximum width of driveways, and they obviously intended for Paragraph 5(e) to regulate the minimum width.
The defendant and my colleagues have interpreted Paragraph 5(e) as meaning one thing, while the plaintiff, the trial judge and I feel that it has an entirely different meaning. It seems to me, therefore, that my colleagues at least must concede that there is some ambiguity in that particular regulation. If there is ambiguity in it, then the judgment of the trial court which holds that the provision is ambiguous should be affirmed.
The ordinance which imposes these regulations is penal in nature, and it tends to restrict the owner in the free use of his property. For those reasons, I believe that any ambiguities in it should be construed in the way which is favorable to the landowner rather than to the city.
Assuming, however, that the interpretation which the majority has placed on Paragraph 5(e) is correct, and that there is no room for any other interpretation to be placed on it, then we are faced with the question of whether the driveways which plaintiff wants to construct comply with that ordinance. I think the construction which he plans and describes in his application does comply with the ordinance.
Fleming submitted with his application “a detailed drawing of the size and nature of the improvements,” as required by the ordinance. That drawing shows that he intends to construct two driveways, each 35 feet wide, with a space between them which is marked on the sketch as being “10'.’’ I interpret that to mean that the plaintiff intends to leave a space of ten feet between the two 35 foot driveways. The majority states that “the distance between the two driveways appears to be about two feet.” There is nothing in the application or on the drawing which accompanies it that indicates that the distance between the two driveways is anything other than ten feet. Despite the distance actually specified on the drawing, my colleagues apparently measured the distance as it appears on the drawing, and then by applying a scale they estimated that the two proposed driveways were only two feét apart. In doing so, they assumed that the sketch was drawn to scale.
The sketch attached to plaintiff’s application consists of a photocopy of an original plat of plaintiff’s lot, and superimposed over that plat are lines drawn in red ink showing the driveways and the space between them. The record does not show who prepared the original plat or the superimposed drawing. Although the original plat appears to have been drawn to scale, there is nothing to indicate that the red lines superimposed over that sketch also were drawn to scale. Regardless of whether all or any part of the drawing is drawn to scale, it seems to me that the measurements shown in figures will con *361 trol if the permit is granted, and that the applicant thus will be bound to leave a space of ten feet between the two driveways, whether or not the ordinance requires that that be done.
In any event, I see no reason to deny plaintiff a permit simply because it is uncertain as to whether he plans to leave a distance of ten feet between the driveways. The form of permit used by the city specifically provides that the city may impose “special conditions” upon the granting of any such permit. In this instance the Permit Engineer needs only to insert in the permit a “special condition” that the two driveways must be ten feet apart — if the view of the majority prevails that that is a requirement. The judgment which we render should not reject plaintiff’s demand for a mandamus. It at most should merely direct that the “special condition” above mentioned should be stated on the permit.
For these reasons, I respectfully dissent.